IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MALEXIUS A. RICHARDS                                                                                    PLAINTIFF

v.                                    CIVIL NO. 21-5087

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                                        DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Malexius A. Richards brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on August 18, 2018, alleging an inability to work since April 1, 2016, due to a heart condition, severe edema in the lower extremities, bipolar disorder, schizoaffective disorder, post-traumatic stress disorder and

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

major depressive disorder. (Tr. 15, 70, 237, 246). An administrative telephonic hearing was held on April 27, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 34-64).

By written decision dated August 3, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 18). Specifically, the ALJ found Plaintiff had the following severe impairments: post-traumatic stress disorder, major depressive disorder, schizoaffective disorder, generalized anxiety disorder, and substance addiction in remission. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: he could perform simple, routine, repetitive tasks, with supervision that is simple, direct, and concrete. He could perform tasks that do not exceed reasoning level 3. He could tolerate occasional changes to the workplace setting. He could have no interaction with the public.

(Tr. 21). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a hand packer; and other work as a cleaner hospital/nursing home, and a cleaner II. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on March 9, 2021. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 18,19).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). The Court must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the Court must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental impairment that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required

to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

In the present case, the ALJ determined Plaintiff was able to perform a full range of work at all exertional levels but had non-exertional limitations. In determining Plaintiff's RFC, the ALJ found the opinions of the non-examining medical consultants that Plaintiff had no severe physical impairment to be persuasive and discounted the opinion of Melissa Morton, APRN, who in July 2019, opined that since November of 2017, Plaintiff could perform less than sedentary work and would need to elevate his legs every two hours. (Tr. 770, 1234-1235). Nurse Morton opined Plaintiff's limitations were due to his mood disorder, lymphedema and shortness of breath. The ALJ found Nurse Morton's opinion to be unpersuasive as the record failed to demonstrate Plaintiff had a severe physical impairment. The undersigned is troubled by the ALJ's determination that Plaintiff had no physical limitations as a review of the record revealed Plaintiff, who consistently had a body mass index ranging between 38 and 43, was found to have bilateral lower extremity edema, periodically associated with tightness and pain, on numerous occasions during the relevant time period. (Tr. 721, 739, 801, 810, 1049, 1101, 1153, 1189, 1317, 1396, 1402-03). In fact, Nurse Morton was not the only medical professional that recommended Plaintiff elevate his legs. In January of 2018, Dr. Michael Daniel Figueiredo observed edema in Plaintiff's lower extremities, diagnosed Plaintiff with lymphedema of both lower extremities and recommended the use of compression hose and elevation of his legs above the heart when possible. (Tr. 798). After reviewing the record, the Court finds remand necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's physical RFC.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment

regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

IV. **Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of July 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE